UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCGEEHAN CONSTRUCTION, INC.,

      Plaintiff,

vs.                                      Case No. 8:08-cv-996-T-27MSS

STATE OF FLORIDA,

      Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss and Motion to Join (Dkt. 8), to which Plaintiff has responded in opposition (Dkt. 10). Upon consideration, Defendant's motion is GRANTED.

### *Background*

On May 18, 2008, the Florida Supreme Court dismissed Plaintiff's Petition for Review for lack of jurisdiction. (Dkt. 1, ¶¶ 17-18, Exh. A). On May 22, 2008, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983, challenging the constitutional scheme under which the Florida Supreme Court assumes jurisdiction.

The Florida Constitution enumerates the circumstances under which the Florida Supreme Court may, and must, take jurisdiction. *See* Fla. Const. Art. V, § 3(b)(1)-(10). The provision at issue in this case, Article V, section 3(b)(3), provides that the Florida Supreme Court: "may review any decision of a district court of appeal that . . . expressly and directly conflicts with a decision of

another district court of appeal or of the supreme court on the same question of law." *See* Fla. Const. Art. V, § 3(b)(3). (Dkt. 1, ¶ 6). Plaintiff alleges that it falls under this provision because it "assert[s] that existing case law is contrary to the ruling of the Trial court, and the adopted ruling of the Second District Court of Appeals." (Dkt. 1, ¶ 18).

Under well-established Florida law, however, Plaintiff's "assertion" that there is a conflict in the law is not sufficient to invoke jurisdiction under Article V, section 3(b)(3). The Florida Supreme Court has interpreted the term "expressly" to require that there be a written opinion by the district court of appeals demonstrating the requisite conflict in law. *See Jenkins v. State*, 385 So. 2d 1356, 1359 (Fla. 1980); *see also Jackson v. State*, 926 So. 2d 1262, 1265-66 (Fla. 2006). It is undisputed that the Second District Court of Appeals did not issue a written opinion in Plaintiff's underlying appeal. (Dkt. 1, ¶ 18). As a result, the Florida Supreme Court dismissed Plaintiff's Petition for Review pursuant to *Jenkins v. State*. (Dkt. 1, Exh. A).

In the instant action, Plaintiff alleges that Article V, section 3(b)(3) of the Florida Constitution violates the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment of the United States Constitution. (Dkt. 1, ¶ 3iii, ¶¶ 7, 13). In the motion to dismiss, Defendant argues that Plaintiff has failed to state claim for relief pursuant to 42 U.S.C. § 1983. because: (1) Plaintiff has not suffered deprivation of any recognized federal right; and (2) the State of Florida is immune from suits for damages. As the Court agrees with the former argument, Defendant's immunity is not addressed.

### *Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008). Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65. A conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Id.* at 1965 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).[1]

## *Discussion*

To allege a section 1983 claim, Plaintiff must, at a minimum, allege that: (1) it suffered a deprivation of rights, privileges or immunities secured by the Constitution and/or laws of the United States and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See Wideman v. Shallowford Cmty. Hosp.. Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). The pertinent question is whether Plaintiff has alleged a deprivation of a federal right guaranteed by either the Fourteenth Amendment Due Process Clause or Equal Protection Clause.

1. Due Process

The Fourteenth Amendment provides: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. It is axiomatic that "the

---

[1] Defendant provides no current authority for the application of a heightened pleading standard absent the inclusion of a party-defendant subject to qualified immunity. *Compare Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 837 (11th Cir. 2004) (overruling precedent relied on by Defendant) *with Weissman v. Nat'l Ass'n of Secs. Dealers, Inc.*, 500 F.3d 1293, 1309 (11th Cir. 2007) (Tjoflat, J., dissenting) (speculating that heightened pleading standard is not prohibited in absolute immunity cases).

Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property." *McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994).

Plaintiff bases this action on the Florida Supreme Court's dismissal of its appeal from the Second District Court of Appeals. It is well-established, however, that "the right of appeal is not essential to due process, provided that due process has already been accorded in the tribunal of first instance." *Ohio v. Akron Metro. Park Dist. for Summit County*, 281 U.S. 74, 80 (1930); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) ("[i]t is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all").[2] A state is free, as here, to place limitations on its supreme court in accordance with state policy. *See id.* In Florida, "the district courts of appeal engage primarily in the so-called error-correcting function to ensure that every litigant receives a fair trial. This system frees the supreme court to discharge its judicial policy-making function of clarifying the law and promulgating new rules of law." *Harmon v. Barton*, 894 F.2d 1268, 1272-73 n.9 (11th Cir. 1990); *see also Jenkins*, 385 So. 2d at 1357-58.

As a result, Article V, section 3(b)(3) does not constitute a deprivation of procedural or substantive due process. No fundamental right has been compromised, and Plaintiff fails to allege any additional deprivation of process within the appellate procedures as they are applied in Florida.

2. *Equal Protection*

Plaintiff's alleged claim pursuant to the Equal Protection Clause also fails. The Equal Protection Clause guarantees that "[n]o State shall make or enforce any law which shall . . . deny to

---

[2] Plaintiff had the right to directly appeal to the United States Supreme Court. *See e.g., Hobbie v. Unemployment Appeals Com'n of Florida*, 480 U.S. 136, 139 (1987); *Palmore v. Sidoti*, 466 U.S. 429, 431 (1984).

any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV, § 1. Absent a suspect classification such as race, "legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Cent.*, 473 U.S. 432, 440 (1985).

Plaintiff has failed to identify any "class," suspect or otherwise, that receives unequal treatment under the application of Article V, section 3(b)(3). *Cf. Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (holding that state may not discriminate in granting appellate review based on poverty). Plaintiff has also failed to allege facts supporting a "class of one" or an "as applied" equal protection claim. *See e.g., Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that plaintiff must allege "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."); *Strickland v. Alderman*, 74 F.3d 260, 264 (11th Cir. 1996).

Rather, the challenged provision operates "uniformly through the entire state" as to all litigants. *Akron Metro. Park Dist. for Summit County*, 281 U.S. at 81. Specifically, any person or entity seeking to challenge a per curiam affirmance is subject to dismissal for lack of jurisdiction by the Florida Supreme Court. To the extent that Plaintiff claims that another appellant proceeding before a different district court of appeals panel could receive a different result -- that is, a written opinion expressly conflicting with another decision -- this allegation is equally unavailing. Simply put, "there is no requirement of the Federal Constitution that the state shall adopt a unifying method of appeals which will insure to all litigants within the state the same decisions on particular questions which may arise." *Id.*

Plaintiff fails to cite any precedent supporting a different result. "Having been deprived of

no rights secured under the United States Constitution, [Plaintiff has] no claim cognizable under § 1983." *Baker v. McCollan*, 443 U.S. 137, 146-47 (1979). As it appears that Plaintiff can allege no facts supporting a federal claim, and Plaintiff has not sought leave to amend, the Complaint is hereby dismissed with prejudice. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir.2002) (en banc).

## *Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED**:

1) Defendant's Motion to Dismiss and Motion to Join (Dkt. 8) is **GRANTED** to the extent that the Complaint is **DISMISSED WITH PREJUDICE** without leave to amend.

2) All pending motions, including Plaintiff's Motion for Preliminary Injunction and Stay of Proceedings (Dkt. 3) and Oklawaha Farms, Inc.'s Motion to Intervene (Dkt. 9), are **DENIED AS MOOT**.

3) The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 4th day of September, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record